[Cite as *State v. Demeo*, 2014-Ohio-2012.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0067** |
| VERNON DEMEO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CR 151.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Judith M. Kowalski,* 333 Babbitt Road, #323, Euclid, OH 44123 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Vernon Demeo appeals from the October 31, 2013 judgment entry of the Ashtabula County Court of Common Pleas, sentencing him to consecutive, maximum terms of eighteen months imprisonment each on two counts of grand theft. Mr. Demeo argues his sentences exceed what is necessary to achieve the purposes of felony sentencing, R.C. 2929.11; and, that imposition of consecutive sentences indicates the

trial court gave improper consideration to the seriousness and recidivism factors, R.C. 2929.12, as revealed by the record. Finding no error, we affirm.

{¶2} March 22, 2012, the Ashtabula County Grand Jury returned an indictment against Mr. Demeo, charging him with three counts of grand theft, fourth degree felonies in violation of R.C. 2913.02(A)(1), and one count of grand theft of a motor vehicle, a fourth degree felony in violation of R.C. 2913.02(B)(5). The charges stemmed from Mr. Demeo's participation in a multi-county theft ring, stealing motorized vehicles and equipment for stripping. It appears Mr. Demeo used the money obtained to support his girlfriend, their two children, and his heroin habit.

{¶3} February 22, 2013, Mr. Demeo was arraigned, and pleaded not guilty. He was released on a personal recognizance bond of $25,000. Motion practice ensued. June 28, a change of plea hearing was held: Mr. Demeo pleaded guilty to two counts of grand theft, and the state moved to dismiss the remaining counts. Mr. Demeo's written plea of guilty was filed July 1, 2013. The trial court memorialized the change of plea in a judgment entry filed July 2, dismissing the two remaining counts, and ordering preparation of a presentence report. Sentencing was set for September 5, 2013.

{¶4} Mr. Demeo did not appear for sentencing. By a judgment entry filed September 6, 2013, the trial court revoked his bond, and ordered a warrant be issued for his arrest.

{¶5} Sentencing hearing went forward October 3, 2013. Mr. Demeo explained his failure to attend the September 5, 2013 hearing due to car trouble. He told the trial court he had cooperated with authorities as an informant in the case. He requested intensive probation under the NEOCAP program. Noting Mr. Demeo's very extensive

criminal background, and failure to attend a NEOCAP interview arranged as part of the presentence investigation, the state requested a period of incarceration, whether under NEOCAP or in a state penal institution. The trial court sentenced Mr. Demeo to two maximum, consecutive sentences. In doing so, it commented on Mr. Demeo's criminal record, and the fact he had been sentenced to community control sanctions previously for numerous crimes, repeatedly violating the terms of those sanctions. The trial court also commented on his failure to attend the NEOCAP interview scheduled in this case. The trial court ordered Mr. Demeo to pay restitution and court costs, though it did not impose a fine. Judgment entry of sentence was filed October 31, 2013, and this appeal timely followed.

{¶6} For his first assignment of error, Mr. Demeo states: "The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to thirty-six months of imprisonment, in that said prison sentence is excessive for the purposes set forth in Ohio Revised Code Section 2929.11(A) and (B), and is not necessary to protect the public."

{¶7} For his second assignment of error, Mr. Demeo states: "The trial court abused its discretion to the prejudice of appellant by imposing consecutive maximum sentences when consideration of the factors in [R.C.] 2929.12 tended to favor a lesser sentence."

{¶8} The assignments of error being interrelated, we consider them together.

{¶9} Mr. Demeo notes there is no presumption prison sentences should be imposed for fourth degree felonies, and that the presentence report suggested intensive supervision through NEOCAP. He argues his service as an informant is a mitigating

3

factor showing his conduct was less serious than that normally constituting the offense, R.C. 2929.12(C)(4). He also argues this shows genuine remorse, a factor indicating less likelihood of recidivism, R.C. 2929.12(E)(5). He argues no victim suffered physical or mental harm, another factor indicating his conduct was less serious than that normally constituting the crime. R.C. 2929.12(C)(3).

{¶10} Regarding imposition of consecutive felony sentences, our standard of review is provided by R.C. 2953.08(G)(2), which provides, in pertinent part:

{¶11} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶12} "(a) That the record does not support the sentencing court's findings under * * * division * * * (C)(4) of section 2929.14, * * *;

{¶13} "(b) That the sentence is otherwise contrary to law."

{¶14} R.C. 2929.14(C)(4) mandates that trial courts, when imposing consecutive sentences on a felon, make certain findings on the record. Failure by a sentencing court to make these findings is "contrary to law," and requires reversal. *See, e.g.*, *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶12. The statute provides:

{¶15} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the

4

public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶16} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶17} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶18} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶19} In its judgment entry of sentence, the trial court stated: "The Court * * * finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." These are the first two findings a sentencing court must make when imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). The trial court continued: "The court also finds the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." This

5

finding is one of the additional findings a sentencing court must make under R.C. 2929.14(C)(4), specifically, R.C. 2929.14(C)(4)(c).

{¶20} There is no requirement that a sentencing court, when making the R.C. 2929.14(C)(4) findings, give its underlying reasoning. *Venes, supra*, at ¶16. But in this case, the trial court did, by noting the seriousness of the thefts involved; the multiple events of theft; Mr. Demeo's lengthy criminal history and previous failure to observe community control sanctions; and his failure to appear initially for sentencing. These findings are supported by the record, particularly the very complete presentence investigation report detailing Mr. Demeo's criminal background. Thus, imposition of consecutive sentences was not "clearly and convincingly" unsupported by the record, R.C. 2953.08(G)(2).

{¶21} The trial court did not err in imposing consecutive sentences in this case.

{¶22} In *State v. Beville*, 11th Dist. Ashtabula No. 2012-A-0057, 2013-Ohio-2139, ¶9-11, we set forth the analysis applicable to appeals of maximum sentences, stating:

{¶23} "Subsequent to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, * * *, appellate courts have applied a two step approach in reviewing felony sentences. First, courts 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.' *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26, * * *.

6

{¶24} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing, which are 'to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.' R.C. 2929.11(A). A court imposing a sentence for a felony 'has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.' R.C. 2929.12(A). 'In the exercise of this discretion, a court "shall consider" the non-exclusive list of seriousness and recidivism factors set forth in R.C. 2929.12(B), (C), (D), and (E).' (Citation omitted.) *State v. Putnam*, 11th Dist. No. 2012-L-026, 2012-Ohio-4891, ¶ 8; R.C. 2929.12(A).

{¶25} "There is no 'mandate' for the sentencing court to engage in any factual finding under these statutes. Rather, '(t)he court is merely to "consider" the statutory factors.' *Foster* at ¶ 42. This standard continues to be applicable after the recent enactment of H.B. 86, which did not amend R.C. 2929.12. *Putnam* at ¶ 9, citing *State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 24 (R.C. 2929.12 is 'not (a) fact-finding statute() like R.C. 2929.14')." (Parallel citations omitted.)

{¶26} In its judgment entry of sentence, the trial court stated:

{¶27} "The Court has considered the record, oral statements, any victim impact statement, the purposes and principles of sentencing under RC 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to RC 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution." The trial court further found, "that a prison sentence is consistent with the purposes and

7

principles of sentencing under RC 2929.11 because a prison sentence is commensurate with the seriousness of the offender's conduct." It imposed restitution. These factors cited by the trial court all comply with R.C. 2929.11(A) and (B). The trial court did not err in applying the purposes of felony sentencing in this case.

**{¶28}** Regarding the seriousness and recidivism factors, we held in *State v. Blair-Walker*, 11th Dist. Portage No. 2012-P-0125, 2013-Ohio-4118, ¶39:

**{¶29}** "'A sentencing court must consider (* * *) the seriousness and recidivism factors in R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶38, * * *. The sentencing court need not make findings regarding these statutes in order to impose the maximum prison term. We have held that a silent record raises the rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. James*, 7th Dist. No. 07CO47, 2009-Ohio-4392, ¶50. Only if the record affirmatively shows that the trial court failed to consider the principles and purposes of sentencing will a sentence be reversed on this basis, unless the sentence is strikingly inconsistent with relevant considerations. *Id.*' * * * *State v. Parsons*, 7th Dist. Belmont No. 12 BE 11, 2013-Ohio-1281, ¶12." (Parallel citation omitted.)

**{¶30}** In its judgment entry, the trial court set forth the considerations leading it to fashion the sentence imposed. These included Mr. Demeo's extremely extensive criminal background, which is a factor indicating a likelihood of recidivism. R.C. 2929.12(D)(2). The trial court also noted Mr. Demeo's failure to rehabilitate despite his numerous convictions, another factor indicating the likelihood of recidivism. R.C. 2929.12(D)(3). The trial court did not err in its weighing of the R.C. 2929.12 factors.

8

{¶31} The assignments of error lack merit.

{¶32} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL. J.,

concur.