[Cite as *State v. Mayberry*, 2014-Ohio-4706.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

STEVEN L. MAYBERRY, JR.

     Defendant-Appellant


Appellate Case No.    26025

Trial Court Case No.   2012-CR-2225


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of October, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee


ANTHONY R. CICERO, Atty. Reg. No. 0065408, 500 East Fifth Street, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, Steven L. Mayberry, Jr., appeals from his conviction and sentence in the Montgomery County Court of Common Pleas after pleading no contest to multiple counts of aggravated vehicular homicide and vehicular assault.   For the reasons outlined below, the judgment of the trial court will be affirmed, and remanded to the trial court so it may amend its sentencing entry via a nunc pro tunc order to include the trial court's consecutive-sentence findings.

## Facts and Course of Proceedings

{¶ 2}   On October 12, 2012, Mayberry was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the first degree; one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a felony of the second degree; one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a felony of the second degree; and one count of vehicular assault in violation of R.C. 2903.08(A)(2)(b), a felony of the third degree.

{¶ 3}   The charges arose from Mayberry's involvement in a two-vehicle collision on the early morning of March 14, 2012, at the intersection of State Route 35 and Liscum Drive in Dayton, Ohio.   The collision resulted in the death of the other driver, Samuel Lerch, and severely injured Lerch's passenger, William Partridge.   Mayberry sustained less severe injuries and was transported to Miami Valley Hospital for treatment.   While at the hospital, Mayberry's blood was drawn for purposes of alcohol and drug testing.   Following testing, Mayberry's blood was

found to have a legally prohibited concentration of marijuana.

{¶ 4}   At his arraignment, Mayberry pled not guilty to all the indicted charges. Thereafter, he moved to suppress the evidence obtained from his blood sample, arguing that it was obtained in violation of his Fourth Amendment right against unreasonable searches and seizures.   A hearing on the motion to suppress was held on March 4, 2013.

{¶ 5}   At the suppression hearing, Dayton Police Officer Will Wright testified that he made contact with Mayberry in his emergency treatment room after the collision and requested Mayberry's consent to have his blood drawn.  According to Wright, Mayberry was wearing a c-collar and lying in bed when he approached him, but was awake and able to engage in conversation with him.   Wright testified that Mayberry did not appear to be under the influence of drugs or alcohol.   Wright also testified that he read the consent form to Mayberry and also held the form over Mayberry's face so that he could read along with him.   Thereafter, Wright testified that Mayberry agreed to the blood draw and affixed his signature to the consent form. Wright also testified that Mayberry answered "no" when asked if he wanted to talk about the collision.

{¶ 6}   Christina Wagner, the phlebotomist that drew Mayberry's blood, also testified at the suppression hearing.   She testified that she would not have taken the blood sample if Mayberry had protested and that he did not seem disoriented.   Mary Gaytko, a registered nurse, also testified that her triage notes indicated that Mayberry was slightly confused, needed certain questions repeated before responding, complained of pain, and was cooperative.   In contrast, Mayberry's mother, Dyronna Wilcox, testified that Mayberry was quite confused and in and out of consciousness.

**{¶ 7}** Following the suppression hearing, the trial court issued a written decision denying Mayberry's motion to suppress. In its decision, the trial court stated that it found Officer Wright's testimony credible and that Dyronna Wilcox's testimony lacked credibility. The court also found that Nurse Gaytko's notes did not overcome Officer Wright's testimony, because Gaytko's notes indicated that Mayberry was cooperative and able to voice complaints regarding his physical condition. According to the court, this established that Mayberry had a level of mental functioning consistent with voluntary consent.

**{¶ 8}** After the denial of his motion to suppress, on September 26, 2013, Mayberry pled no contest to all four charges. The trial court then ordered a pre-sentence investigation report and scheduled a sentencing hearing for October 16, 2013. At the hearing, Mayberry informed the court that he wished to withdraw his no contest plea and subsequently sought the appointment of new counsel to pursue that option. Thereafter, the sentencing hearing was continued, new counsel was appointed, and a motion to withdraw Mayberry's no contest plea was filed. However, after Mayberry's new counsel had an opportunity to review the discovery and discuss the case with him, Mayberry decided to withdraw the motion and stand by his no contest plea.

**{¶ 9}** Sentencing resumed on November 20, 2013. The trial court merged the two aggravated vehicular homicide counts and sentenced Mayberry to eleven years in prison under 2903.06(A)(1)(a), the first-degree felony count. Additionally, the trial court merged the aggravated vehicular assault and vehicular assault counts and sentenced Mayberry to eight years under 2903.08(A)(1)(a), the second-degree felony count. The trial court then ordered the sentences to be served consecutively, for a total prison term of nineteen years. The court also issued a life-long license suspension and ordered Mayberry to pay Samuel Lerch Sr. restitution

for economic loss in the amount of $1,499.

{¶ 10} Mayberry now appeals from his conviction and sentence, raising three assignments of error for review.

**Assignment of Error No. I**

{¶ 11} Mayberry's First Assignment of Error is as follows:

APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS THE RESULTS OF THE BLOOD DRAW THAT WAS GAINED WITHOUT HIS VALID CONSENT IN VIOLATION OF HIS RIGHTS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION FOURTEEN OF THE CONSTITUTION OF OHIO.

{¶ 12} Under this assignment of error, Mayberry contends the trial court erred in finding that he freely and voluntarily consented to his blood being drawn following the accident. As a result, he claims the trial court should have suppressed the evidence obtained from his blood sample. We disagree.

{¶ 13} As a preliminary matter, we note that when ruling on a motion to suppress, " 'the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' " *State v. Hopfer*, 112 Ohio App.3d 521, 548, 679 N.E.2d 321 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653, 645 N.E.2d 831 (4th Dist.1994). In reviewing a trial court's decision on the motion to suppress, an appellate

court must accept the trial court's findings of fact as true, if they are supported by competent, credible evidence. *State v. Dudley*, 2d Dist. Montgomery No. 24904, 2012-Ohio-960, ¶ 6. The appellate court must "then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., quoting *State v. Leveck*, 2d Dist. Montgomery No. 23970, 2011-Ohio-1135, ¶ 8. (Other citation omitted.)

{¶ 14} The Fourth Amendment to the U.S. Constitution and Section 14, Article I of the Ohio Constitution prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio*, 392 U.S. 1, 8-9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This includes protection against unjustified or improper intrusions into a person's privacy, including bodily intrusion. *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

{¶ 15} "Bodily intrusions to obtain evidence of crime implicate privacy considerations of the highest order." *State v. Sisler*, 114 Ohio App.3d 337, 344, 683 N.E.2d 106 (2d Dist.1995), citing *Schmerber*. (Other citation omitted.) It is well-established that "[t]he taking of bodily fluids, such as blood, is an invasion of an individual's privacy." *State v. Patterson*, 2d Dist. Montgomery No. 20977, 2006-Ohio-1422, ¶ 26, citing *Sisler* at 343. Therefore, "[t]he withdrawal of a sample of blood in order to determine its alcohol or drug content for the purpose of proving a criminal charge is a search and seizure within the meaning of the Fourth Amendment, which requires either a warrant or an exception to the warrant requirement." *Id*., citing *Sisler* at 341. (Other citation omitted.)

{¶ 16} Among the exceptions to the warrant requirement is valid consent. "The United States Supreme Court has frequently recognized that a warrantless search is constitutionally

permissible where a valid consent to the search has been obtained." (Citation omitted.) *Sisler* at 342. "The consent operates as a waiver of the constitutional right against unreasonable searches and seizures, provided that it is voluntary." *Id.* The voluntariness of the consent is determined from the totality of the circumstances. *State v. Sears*, 2d Dist. Montgomery No. 20849, 2005-Ohio-3880, ¶ 37, citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

{¶ 17} As relevant here, "a suspect, upon request of a police officer, may voluntarily consent to submit to a blood test to determine the concentration of alcohol and/or drugs in his or her blood. Such consent constitutes actual consent." (Citation omitted*.) State v. Hill*, 2d Dist. Montgomery No. 25717, 2014-Ohio-1447, ¶ 12. The consent given may be oral or written. *State v. McLemore*, 197 Ohio App.3d 726, 2012-Ohio-521, 968 N.E.2d 612, ¶ 24 (2d Dist.), citing Katz, *Ohio Arrest, Search and Seizure*, Section 19:1 (2008). "While not necessary after oral consent is given, a written consent is strong evidence of a defendant's willingness to allow a search." (Citation omitted.) *Hill* at ¶ 12.

{¶ 18} In this case, the findings by the trial court are supported by the record, as the record indicates that Mayberry knowingly, intelligently and voluntarily consented to the blood draw. The testimony provided by Officer Wright establishes that Mayberry was awake and coherent when he was approached about the blood draw. In addition, Officer Wright testified that he read the consent to search form to Mayberry and that Mayberry subsequently agreed to the blood draw and signed the form. The trial court found Officer Wright's testimony credible, and we find no basis to disturb the court's finding on appeal. Because Mayberry knowingly and voluntarily consented to have his blood drawn, the trial court did not err when it overruled

Mayberry's motion to suppress the evidence obtained from his blood sample.

{¶ 19}   Mayberry's First Assignment of Error is overruled.


**Assignment of Error No. II**

{¶ 20}   Mayberry's Second Assignment of Error is as follows:

APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶ 21}   Under this assignment of error, Mayberry contends his counsel was ineffective in advising him to plead no contest to all charges in the indictment and in failing to employ a legitimate strategy to lessen his prison term.   Specifically, Mayberry claims he had a defense to the charges for aggravated vehicular homicide and aggravated vehicular assault under R.C. 2903.06(A)(1)(a) and 2903.08(A)(1)(a), both which include the element of driving under the influence of drugs or alcohol.   According to Mayberry, it is questionable whether he was under the influence of marijuana at the time of the collision, because marijuana can be detected in the body for an "extensive" period of time.   He argues that the State had "underwhelming" evidence in that regard, and upon failing its burden of proof on the driving under the influence element, Mayberry would have been sentenced for the lesser form of aggravated vehicular homicide under 2903.06(A)(2)(a) and vehicular assault under 2903.08(A)(2)(b), which would have resulted in reduced maximum sentences.   Mayberry contends that his trial counsel's failure to strategize accordingly constitutes ineffective assistance.

**{¶ 22}** To reverse a conviction based on ineffective assistance of trial counsel, it must be demonstrated that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus. A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Moreover, "[h]indsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *State v. Rucker*, 2d Dist. Montgomery No. 24340, 2012-Ohio-4860, ¶ 58, citing *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992).

**{¶ 23}** After reviewing the record, we conclude that Mayberry has failed to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness. There is no support for Mayberry's claim that the State had "underwhelming" evidence showing he was driving under the influence at the time of the accident or that the State would have failed its burden of proof on that issue. Moreover, when Mayberry was given the opportunity to seek the withdrawal of his no contest plea, he chose not to pursue a withdrawal after his new trial counsel reviewed the discovery and discussed the law and the State's evidence with him. The record indicates that counsel discussed the matter extensively with Mayberry and after doing so, Mayberry chose not to withdraw his no contest plea, but to proceed to sentencing.

**{¶ 24}** It is reasonable to conclude that Mayberry's counsel advised him to stand by his no contest plea due to the strength of the State's case and to enable him to move forward with an appeal from the trial court's decision denying his motion to suppress. In our opinion, such

advice is a matter of trial strategy, and it is well-established that tactical decisions and trial strategy cannot form the basis of an ineffective assistance claim. *State v. Bray*, 2d Dist. Clark No. 2010 CA 14, 2011-Ohio-4660, ¶ 60. Furthermore, as noted above, we must indulge in the strong presumption that counsel's conduct was not improper. *State v. Reid*, 2d Dist. Montgomery No. 23409, 2010-Ohio-1686, ¶ 24, citing *Strickland*. Because Mayberry failed to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness, his ineffective assistance of counsel claim must fail.

{¶ 25} Mayberry's Second Assignment of Error is overruled.

## Assignment of Error No. III

{¶ 26} Mayberry's Third Assignment of Error is as follows:

APPELLANT SHOULD BE REMANDED TO THE TRIAL COURT FOR SENTENCING AS THE SENTENCE HE RECEIVED IS CONTRARY TO LAW AND IN VIOLATION OF HIS RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶ 27} Under this assignment of error, Mayberry contends the trial court erred in imposing maximum consecutive prison sentences. Specifically, he claims the sentences are contrary to law, an abuse of discretion, and so grossly disproportionate and excessive as to constitute cruel and unusual punishment under the Eight Amendment. We disagree.

{¶ 28} R.C. 2953.08(G)(2) is the appellate standard of review for all felony sentences, including consecutive sentences. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.); *State v. Mooty*, 2014-Ohio-733, 9 N.E.3d 443, ¶ 68 (2d Dist.). The statute states, in

pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)  That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b)  That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 29}  " '[T]he clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.' "  *Rodeffer* at ¶ 31, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).  " 'In other words, the restriction is on the appellate court, not the trial judge.  This is an extremely deferential standard of review.' "  *Id.*

{¶ 30}  Mayberry first claims that the record does not support the trial court's consecutive sentence findings under R.C. 2929.14(C)(4).  Pursuant to R.C. 2929.14(C)(4), a sentencing court must make certain findings before imposing consecutive sentences. Specifically,

a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 31} In this case, the trial court made all the necessary findings required under R.C. 2929.14(C)(4) at the sentencing hearing. Specifically, the trial court stated that:

I first note that a consecutive prison term is necessary to punish Mr. Mayberry. And a consecutive sentence is not disproportionate to the seriousness of Mr. Mayberry's conduct and also to the danger that Mr. Mayberry poses to the public.

And I further find that the offenses were committed as part of a course of conduct which caused harm to two victims that was so great that a single prison term for either of the offenses committed during the indicated course of conduct does not adequately reflect the seriousness of Mr. Mayberry's conduct.

Sentencing Trans. (Nov. 20, 2013), p. 207.

{¶ 32} We do not clearly and convincingly find that the record does not support the foregoing consecutive-sentencing findings. The record indicates that Mayberry caused a fatal collision when he ran a red light at an intersection while traveling at a high rate of speed without his headlights turned on. Mayberry was operating a vehicle with a suspended license and had a legally prohibited concentration of marijuana in his blood stream. Through the collision, Mayberry caused the death of Samuel Lerch and paralyzed Lerch's passenger, William Partridge. Due to the injuries sustained in the accident, Partridge sustained great pain and his daily functioning is completely dependent on the assistance of others. The victim impact statements provided by various members of the victims' families indicate that the damage Mayberry inflicted on them is immeasurable. Accordingly, the record clearly supports finding that Mayberry's course of conduct caused such great harm that a single prison term for his offenses would not reflect the seriousness of his conduct.

{¶ 33} Having said that, we must also consider the Supreme Court of Ohio's recent decision in *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, 16 N.E.3d 659. In *Bonnell*, the court held that "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id*. at syllabus. The *Bonnell* court came to

this conclusion "because a court speaks through its journal." *Id.* at ¶ 29. Additionally, the *Bonnell* court explained that "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id*. at ¶ 30.

{¶ 34} In the instant case, the trial court made the statutory findings at the sentencing hearing, but did not include those findings in the sentencing entry. To satisfy the mandate in *Bonnell*, the trial court shall amend its sentencing entry via a nunc pro tunc order that includes the omitted consecutive-sentence findings.

{¶ 35} In continuing the review of Mayberry's sentence under R.C. 2953.08(G)(2), we do not clearly and convincingly find that Mayberry's sentence is otherwise contrary to law. " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. "The court is not required to make specific findings or to use the exact wording of the statute[s]." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, ¶ 8. "Furthermore, even if there is no specific mention of those statutes in the record, 'it is presumed that the trial court gave proper

consideration to those statutes.' " *State v. Cave*, 2d Dist. Clark No. 09-CA-6, 2010-Ohio-1237, ¶ 10, quoting *Kalish* at fn. 4.

**{¶ 36}** Here, Mayberry's eleven-year prison sentence for aggravated vehicular homicide under 2903.06(A)(1)(a) is within the prescribed statutory range for felonies of the first degree. *See* R.C. 2929.14(A)(1). Likewise, Mayberry's eight-year prison sentence for aggravated vehicular assault under 2903.08(A)(1)(a) is within the prescribed statutory range for felonies of the second degree. *See* R.C. 2929.14(A)(2). Furthermore, the trial court stated at the sentencing hearing that it reviewed all the required sentencing factors. While the trial court did not specifically cite R.C. 2929.12 nor mention the purposes and principles of sentencing under R.C. 2929.11, we presume they were given proper consideration. The record supports such a finding, as the trial court stated at the sentencing hearing that it carefully considered the presentence investigation report and all the documents, letters, sentencing memoranda, and victim impact statements provided to the court. Accordingly, we have no basis for concluding that the sentence is contrary to law.

**{¶ 37}** We reiterate that we have reviewed Mayberry's sentence under the standard of review set forth in *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069. In *Rodeffer*, we held that we would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations as to whether our decision in *Rodeffer* is correct. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1; *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn. 1. Regardless, in the case before us, we find no error in the sentence imposed under either standard of review.

**{¶ 38}** With respect to Mayberry's Eighth Amendment challenge, we note that "Eighth Amendment violations are rare, and instances of cruel and unusual punishment are limited to those punishments, which, under the circumstances, would be considered shocking to any reasonable person." (Citations omitted.) *State v. Harding*, 2d Dist. Montgomery No. 20801, 2006-Ohio-481, ¶ 77. "[W]e are bound to give substantial deference to the General Assembly, which has established a specific range of punishment for every offense and authorized consecutive sentences for multiple offenses." (Citation omitted.) *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 24. Therefore, " 'as a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.' " *Id.* at ¶ 21, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). (Other citations omitted.) Given that Mayberry's nineteen-year prison term falls within the specific range of punishment for his offenses, we do not find that it constitutes cruel and unusual punishment under the Eighth Amendment.

**{¶ 39}** Mayberry's Third Assignment of Error is overruled.

### Conclusion

**{¶ 40}** Having overruled all three of Mayberry's assignments of error, the judgment of the trial court will be affirmed. The case will be remanded to the trial court so that it may amend its sentencing entry via a nunc pro tunc order to include the trial court's consecutive-sentence findings.

. . . . . . . . . . . . .

FROELICH, P.J. and DONOVAN, J. , concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Anthony R. Cicero
Hon. Michael Tucker