[Cite as *State v. Cole*, 2018-Ohio-4646.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  8-18-26

      v.

MICHAEL W. COLE, JR.,             O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 17 12 0409

Judgment Affirmed and Cause Remanded

Date of Decision:    November 19, 2018

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Alice Robinson-Bond* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Michael W. Cole, Jr. ("Cole"), appeals the May 16, 2018 judgment entry of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm the conviction and sentence of the trial court and remand to the trial court so it can amend its sentencing entry via a nunc pro tunc order to properly include the trial court's consecutive-sentence findings.

{¶2} This case arises from a December 5, 2017 incident in which Cole allegedly hit his live-in girlfriend, Kerri Emrick ("Emrick"), with a belt, grabbed her by the neck, forced her to the ground, and hit the cell phone out of her hand when she attempted to call the police. (Apr. 6, 2018 Tr. at 11-12). (*See* Doc. No. 29). When J.E., Emrick's 13-year-old son, came to his mother's aid, Cole allegedly hit him as well. (Apr. 6, 2018 Tr. at 11-12). (*See* Doc. No. 29). After Cole was arrested, he allegedly became aggressive and noncompliant with six separate law enforcement officers culminating in officers deploying pepper spray on Cole and placing him into a restraint chair. (Apr. 6, 2018 Tr. at 11-12). (*See* Doc. No. 29).

{¶3} On December 12, 2017, the Logan County Grand Jury indicted Cole on six counts: Counts One and Two of domestic violence in violation of R.C. 2919.25(A), fourth-degree felonies; Count Three of disrupting public services in violation of R.C. 2909.04(A)(1), a fourth-degree felony; Count Four of harassment with a bodily substance in violation of R.C. 2921.38(A), a fifth-degree felony;

Count Five of harassment with a bodily substance in violation of R.C. 2921.38(B), a fifth-degree felony; and Count Six of assault in violation of R.C. 2903.13(A), a fourth-degree felony. (Doc. No. 2). On December 15, 2017, Cole appeared for arraignment and entered pleas of not guilty. (Doc. No. 8).

{¶4} On April 6, 2018, under a negotiated plea agreement, Cole withdrew his pleas of not guilty and entered guilty pleas to Counts One and Four. (Doc. No. 39). In exchange, the State agreed to dismiss Counts Two, Three, Five, and Six. (*Id.*). The trial court accepted Cole's guilty pleas, found him guilty, and ordered a presentence investigation. (*Id.*). The trial court also dismissed Counts Two, Three, Five, and Six. (*Id.*). On April 17, 2018, the trial court filed its judgment entry of conviction. (*Id.*).

{¶5} On May 15, 2018, the trial court sentenced Cole to 15 months in prison on Count One and 9 months in prison on Count Four to be served consecutively for an aggregate term of 24 months' imprisonment. (Doc. No. 42). On May 16, 2018, the trial court filed its judgment entry of sentence. (*Id.*).

{¶6} Cole filed his notice of appeal on May 31, 2018. (Doc. No. 50). He raises one assignment of error.

### Assignment of Error

**The record in this matter does not support the imposition of consecutive sentences pursuant to state law R.C. 2929.14.**

**{¶7}** In his assignment of error, Cole argues that the trial court erred in sentencing him to 24 months in prison. Specifically, Cole argues that the record does not support the trial court imposing consecutive sentences because he "has made significant attempts at remaining sober and * * * seek[ing] help for himself." (Appellant's Brief at 3-4). Additionally, Cole argues that he was "regularly seeing a psychiatrist and being consoled [sic] at Consolidated Care" and that he and Emrick were working on "reintegrating" their family unit. (*Id.* at 4).

**{¶8}** "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶9}** "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of

Case No. 8-18-06

this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future

crime by the offender.

R.C. 2929.14(C)(2017) (current version at R.C. 2929.14(C)(2018)).

{¶10} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33.  Specifically, the trial court must find:  (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies.  *Id.*; *Id.*

{¶11} The trial court must state the required findings at the sentencing hearing when imposing consecutive sentences and incorporate those findings into its sentencing entry.  *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29.  A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶12} Cole contends that the record does not support a consecutive sentence of 24 months because he "has made significant attempts at remaining sober," "was regularly seeing a psychiatrist and being consoled [sic] at Consolidated Care," and "shows genuine remorse for his actions and seeks to change." (Appellant's Brief at 3-4). However, Cole's arguments are meritless as the trial court made the necessary findings under R.C. 2929.14(C)(4) at the sentencing hearing and the record supports those findings.

{¶13} The trial court made the three statutorily required findings at the sentencing hearing. Specifically, at the sentencing hearing, the trial court said:

The Court finds that consecutive sentences are appropriate, so. [sic] Count I and Count IV will be served consecutive to one another. These are necessary to punish you and to otherwise protect the public from your potential future crimes. They're not disproportionate to the seriousness of your conduct, and as I have indicated repeatedly, you were on community control at the time that this offense was committed and a single prison term would simply not adequately reflect the seriousness of your conduct. I further find that your criminal history demonstrates that consecutive sentences are in fact necessary to protect the public.

(May 15, 2018 Tr. at 20). Therefore, at the sentencing hearing, the trial court found that consecutive sentences are necessary to protect the public or punish the offender and that consecutive sentences would not be disproportionate to the offense committed, and it made findings relative to R.C. 2929.14(C)(4)(a) and (c).

{¶14} The trial court incorporated its findings into its sentencing entry as follows:

> The Court finds that consecutive sentences are necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(Doc. No 42). Thus, although the trial court made findings as to both R.C. 2929.14(C)(4)(a) and (c) at the sentencing hearing, the trial court only reproduced its findings as to R.C. 2929.14(C)(4)(a) in its sentencing entry.

{¶15} With regard to R.C. 2929.14(C)(4)(a), the trial court found that Cole committed the offenses while under supervision for domestic violence. At the

sentencing hearing, Cole's trial counsel stated "[Cole] had a probation violation out of municipal court which stemmed from the same set of facts as this case, and in that particular case he spent 90 days in jail." (May 15, 2018 Tr. at 6). In addition, the trial court reviewed the presentence investigation report ("PSI") and confirmed that Cole was under supervision for misdemeanor domestic violence when the instant offenses were committed. (*Id.* at 12-13). (*See* PSI at 5). Before announcing Cole's sentence, the trial court again stated that the present offenses were committed while Cole was under supervision for domestic violence. (May 15, 2018 Tr. at 15).

{¶16} However, the trial court's finding that Cole was under community control at the time he committed the subject offenses is not a valid basis to impose consecutive sentences under R.C. 2929.14(C)(4)(a). The record supports that Cole was under supervision for a misdemeanor, rather than for a felony, at the time he committed the instant offenses. Because Cole was under supervision for a misdemeanor only, he could not have been "under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code" as those sections of the Revised Code apply to sanctions for felonies, not misdemeanors. *See* R.C. 2929.14(C)(4)(a), 2929.16, 2929.17, and 2929.18. *See also State v. Steiner*, 5th Dist. Holmes No. 15CA17, 2016-Ohio-4648, ¶ 25, fn. 1. Furthermore, there is no evidence in the record suggesting that Cole was awaiting trial or sentencing at the time he committed the offenses or that he was under post-release control for a prior

offense. *See* R.C. 2929.14(C)(4)(a). Therefore, the trial court could not rely on the grounds set forth in R.C. 2929.14(C)(4)(a) to support Cole's consecutive sentences. *See Steiner* at ¶ 25, fn. 1 (concluding that R.C. 2929.14(C)(4)(a) was inapplicable where Steiner was not awaiting trial or sentencing, was not on post-release control, and was under sanction for a prior misdemeanor, rather than for a felony).

{¶17} Although the record does not support a finding under R.C. 2929.14(C)(4)(a), the trial court also made findings under R.C. 2929.14(C)(4)(c) at the sentencing hearing supporting the imposition of consecutive sentences. Specifically, during the sentencing hearing the trial court found that Cole's "criminal history demonstrates that consecutive sentences are in fact necessary to protect the public." (May 15, 2018 Tr. at 20). The record supports the trial court's conclusion under R.C. 2929.14(C)(4)(c).

{¶18} At the sentencing hearing, the trial court reviewed the PSI and Cole's criminal record going back to 1993 and noted that Cole consistently reoffended when on post-release control, community control, or when subject to other criminal sanctions. (May 15, 2018 Tr. at 11-13). (*See* PSI at 4-5). The trial court also found that the instant case marks Cole's sixth felony conviction, that he has prior convictions for assault and domestic violence, and that Cole is "a danger to society." (May 15, 2018 Tr. at 16). (*See* PSI at 4-5). Finally, the trial court stated that it was "particularly concerned about * * * the defendant's prior criminal history" as

detailed in the PSI. (May 15, 2018 Tr. at 17). (*See* PSI at 4-5). Thus, there is ample evidence in the record to support the trial court's finding under 2929.14(C)(4)(c) that Cole's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by Cole. *See State v. Demeo*, 11th Dist. Ashtabula No. 2013-A-0067, 2014-Ohio-2012, ¶ 20 (noting that Demeo's lengthy criminal history and failure to observe community control sanctions supported imposing consecutive sentences); *State v. Chaney*, 2d Dist. Clark No. 2015-CA-116, 2016-Ohio-5437, ¶ 16 (finding that the record supported consecutive sentences when the defendant had a lengthy criminal history spanning three decades and did not respond favorably to past sanctions); *State v. Brown*, 2d Dist. Champaign No. 2015-CA-21, 2016-Ohio-4573, ¶ 15, 17 (finding that the record supported consecutive sentences when the defendant had not responded favorably to past sanctions and had a juvenile history of prior drug offenses).

{¶19} Only one finding under R.C. 2929.14(C)(4)(a)-(c) is required to impose consecutive sentences. *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 8 (noting that the factors under R.C. 2929.14(C)(4)(a)-(c) "are presented as three alternatives" and "[o]nly one need be supported by the record in order to affirm"); *State v. Robinson*, 3d Dist. Hancock No. 5-16-13, 2017-Ohio-2703, ¶ 14 (finding that the record supported the trial court's imposition of consecutive sentences where at least one of the R.C. 2929.14(C)(4)(a)-(c) factors

was supported by the record); *State v. Bell*, 5th Dist. Muskingum No. CT2016-0049, 2017-Ohio-1531, ¶ 23-28 (finding that the record supported the trial court's findings under R.C. 2929.14(C)(4) and imposition of consecutive sentences where only one of the R.C. 2929.14(C)(4)(a)-(c) factors was supported by the record); *State v. Brown*, 7th Dist. Mahoning No. 16 MA 0161, 2018-Ohio-253, ¶ 53 (stating that "[t]he trial court was only required to make one finding" under R.C. 2929.14(C)(4)(a)-(c)). Therefore, although the trial court's findings under R.C. 2929.14(C)(4)(a) are not supported by the record, because its findings under R.C. 2929.14(C)(4)(c) are supported by the record and because these findings independently support Cole's consecutive sentences, the trial court complied with R.C. 2929.14(C)(4).

{¶20} Additionally, the trial court found that the consecutive sentences are necessary to protect the public or punish the offender and that consecutive sentences would not be disproportionate to the offense committed. Thus, the trial court satisfied the requirements of R.C. 2929.14(C)(4) at the sentencing hearing. *See Jones* at ¶ 8; *Robinson* at ¶ 14; *Brown*, 2018-Ohio-253, at ¶ 53.

{¶21} Therefore, there is not clear and convincing evidence that Cole's sentences are unsupported by the record or that his sentences are otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

**{¶22}** However, as noted above, the trial court did not incorporate its R.C. 2929.14(C)(4)(c) findings into its sentencing entry. Nevertheless, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at ¶ 30.

**{¶23}** Here, the trial court did make the appropriate statutory findings under R.C. 2929.14(C)(4) at the sentencing hearing, but failed to include those findings in its sentencing entry. Therefore, the trial court may satisfy *Bonnell* by amending its sentencing entry via a nunc pro tunc order that includes the omitted finding under R.C. 2929.14(C)(4)(c). *See State v. Mayberry*, 2d Dist. Montgomery No. 26025, 2014-Ohio-4706, ¶ 34.

**{¶24}** Cole's assignment of error is overruled.

**{¶25}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the conviction and sentence of the trial court and remand so the trial court can amend its sentencing entry via a nunc pro tunc order to include the trial court's consecutive-sentence findings.

*Judgment Affirmed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**