[Cite as *State v. Horobin*, 2015-Ohio-5300.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26639 |
| | : | |
| v. | : | T.C. NO. 14CR4235 |
| | : | |
| MARK D. HOROBIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of ____December____, 2015.

. . . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, 120 W. Second Street, Suite 706, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Mark D. Horobin was found guilty by a jury in the Montgomery County Court of Common Pleas of grand theft (motor vehicle) and theft (over $1,000). He was sentenced to prison terms of 18 months and 12 months, respectively, to be served consecutively. Horobin appeals from his conviction, challenging the trial court's

imposition of consecutive sentences.

{¶ 2}   For the following reasons, the judgment of the trial court will be reversed and the case will be remanded for further consideration of the imposition of consecutive sentences.

{¶ 3}   In November and December 2014, Horobin was staying with the Jackson family in the City of Dayton; he was trying to "get off a drug habit" (heroin) and get his life together.   However, on December 10, 2014, Horobin took the family's van, without their permission, some electronics that the Jacksons had purchased for their children for Christmas, and two $50 gift cards.   There were also tools inside the van.   Horobin never returned to the house.   He attempted to sell some of the items at Cashland; the van was found with a "blown" motor a few days later.

{¶ 4}   Horobin was indicted for grand theft and theft.   He was tried by a jury on March 4 and 5, 2015, and was found guilty of both offenses.   He was sentenced to consecutive sentences totaling 30 months, as described above.

{¶ 5}   On appeal, Horobin raises one assignment of error, in which he challenges the trial court's imposition of consecutive sentences.   Horobin argues that the trial court failed to make the findings required for imposition of consecutive sentences.   He does not argue that the record does not support such findings.

{¶ 6}   After determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual sentences consecutively. R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of
> multiple offenses, the court may require the offender to serve the prison

terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 7} In most cases, the trial court is not required to give reasons explaining its findings, nor is it required to recite any "magic" or "talismanic" words when imposing consecutive sentences. *State v. Graham*, 2d Dist. Montgomery No. 25934, 2014-Ohio-4250, ¶ 36, citing *State v. Temple,* 2d Dist. Clark No. 2012-CA-65, 2013-Ohio-3843, ¶ 21. As stated by the supreme court, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged

in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 218, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

**{¶ 8}** "R.C. 2929.14(C)(4) requires the trial court to make statutory findings prior to imposing consecutive sentences, and Crim.R. 32(A)(4) therefore directs the court to state those findings at the time of imposing sentence." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. Because the trial court speaks through its journal entries, it must incorporate the statutory findings into its sentencing entry. *Id.* at ¶ 30. "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Graham* at ¶ 37.

**{¶ 9}** At Horobin's sentencing hearing, the trial court stated:

Considering the purposes and principles of sentencing in the Revised Code, the seriousness and recidivism factors contained therein and considering further that these convictions constitute now a grand total of 15 theft offenses and considering further that the Defendant has, this is the Defendant's, constitutes his seventh felony conviction, four of which were theft offenses.

\* \* \*

The Court finds that, and in addition to that the Defendant has a long history of not complying with community control sanctions or other

supervision and in connection with this, this oppositionally defiant thief is not cooperating at all with the pre-sentence investigation.

And because part of this theft was the family's only means of transportation and it[']s Christmas, the Court finds that these sentences are to be served consecutively for a total of 30 months.

The court also noted that Horobin's "thievery and other criminal activity" was "long-standing" and dated back to when he was a juvenile.

{¶ 10}  The trial court's judgment entry states:

The Court has reviewed and considered a written report of a pre-sentence investigation submitted by the Division of Criminal Justice Services of this Court and has considered the factors under Sections 2929.11, 2929.12, and 2929.13, as well as all other relevant provisions, of the Ohio Revised Code.   * * *

* * *

**These sentences are ordered to be served consecutively as Defendant has a consistent long standing history of theft offenses and Defendant has a long history of non-compliance with supervision. Defendant was not cooperative with the pre-sentence investigation process. Furthermore, Defendant took a families [sic] only means of transportation and during the Christmas season**.   (Emphasis sic.)

{¶ 11} Read in a light most deferential to the trial court, the court's statements at the sentencing hearing related to consecutive sentences were that 1) Horobin had a long history of criminal offenses, 2) he had not cooperated with the presentence investigation,

and 3) he had committed his offenses at Christmas time. While some of these factors might have reasonably supported a finding that consecutive sentences were necessary to protect the public and were not disproportionate to the danger to the public, the trial court failed to make these findings, which were necessary for the imposition of consecutive sentences.

{¶ 12} Similarly, the judgment entry cites Horobin's history of theft offenses, his "non-compliance with supervision," his uncooperativeness with the presentence investigation, and the victims' deprivation of a mean of transportation at Christmas time. Again, some of these reasons may have related to the statutory factors that the court was required to consider, but the court did not make the findings required by R.C. 2929.14(C)(4).

{¶ 13} Regardless of what the trial judge might say during sentencing regarding the purposes and goals of criminal sentencing, compliance with R.C. 2929.14(C)(4) requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing. *State v. Wills*, 2d Dist. Montgomery No. 25357, 2013-Ohio-4507, ¶ 31. "Too often, we have been called to examine words or phrases scattered throughout a sentencing transcript and piece them together to decide whether the court made the required findings. * * * If the word 'findings' is to have any meaning at all, it means nothing less than the court must 'engage[ ] in the required analysis and select[ ] the appropriate statutory criteria' before ordering sentences to be served consecutively. Only then will the imposition of consecutive sentences not be contrary to law." *Id.*, quoting *State v. Venes,* 2013-Ohio-1891, 992 N.E.2d 453, ¶ 14-17 (8th Dist.).

{¶ 14} Horobin's assignment of error is sustained.

**{¶ 15}** The judgment of the trial court will be reversed, and the matter will be remanded to the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to enter the proper findings on the record, and in the judgment entry.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Robert Alan Brenner
Hon. Gregory F. Singer