[Cite as *State v. Chaney*, 2016-Ohio-5437.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-116 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-203B |
| | : | |
| TERRY D. CHANEY, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      *Attorney for Plaintiff-Appellee*

CYNTHIA A. HALE, Atty. Reg. No. 0091114, P.O. Box 36485, Cincinnati, Ohio 45236
      *Attorney for Defendant-Appellant*

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Terry D. Chaney, Sr., appeals from the sentence he received in the Clark County Court of Common Pleas after pleading guilty to two counts of grand theft of a motor vehicle. Specifically, Chaney contends that the trial court erred in imposing consecutive sentences. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On August 6, 2015, Chaney entered a plea agreement in which he agreed to plead guilty to two counts of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(3), felonies of the fourth degree, each with an elderly victim specification. The charges arose from Chaney stealing a 1958 Austin Healy and a 1950 Lincoln Cosmopolitan from the 78-year-old victim, John Dundon.

{¶ 3} Following Chaney's guilty plea, the trial court ordered a presentence investigation and scheduled a sentencing hearing for August 27, 2015. At that hearing, the trial court continued Chaney's sentencing and granted him 30 days to pay restitution to the victim in the amount of $2,320. Thereafter, due to an alleged medical emergency, Chaney failed to appear at the newly scheduled sentencing hearing held on October 19, 2015. The trial court continued Chaney's sentencing for the next day; however, Chaney again failed to appear. The trial court thereafter issued a capias for Chaney's arrest.

{¶ 4} Chaney appeared at court two days later and requested an additional 30 days to pay the restitution in full. The trial court granted Chaney's request and scheduled another sentencing hearing for November 24, 2015. At that hearing, it was determined that Chaney had made some payments towards the restitution, but failed to pay it in full. The trial court then sentenced Chaney to serve two consecutive 17-month prison terms

for each of the grand theft counts, which amounted to a total aggregate prison term of 34 months. Chaney was also ordered to pay the $2,320 in restitution and court costs.

{¶ 5} Chaney now appeals from his sentence, raising the following single assignment of error for review:

THE TRIAL COURT ERRED BY FAILING TO SPECIFY THAT IT WAS STATING FINDINGS PURSUANT TO [R.C.] 2929.14(C)(4) WHEN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT AND BY MAKING FINDINGS THAT ARE NOT SUPPORTED BY THE RECORD.

{¶ 6} Under his sole assignment of error, Chaney does not contend that the trial court failed to make the consecutive-sentence findings required by R.C. 2929.14(C)(4), but instead claims that the trial court erred in failing to explicitly state at the sentencing hearing and in the sentencing entry that the court made those findings pursuant to R.C. 2929.14(C)(4). Chaney also contends that the trial court's consecutive-sentence findings are not supported by the record. Upon review, we find that Chaney's claims lack merit.

{¶ 7} The Supreme Court of Ohio has made clear that felony sentences are no longer reviewed under an abuse of discretion standard but, instead, in accordance with the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-1002, ¶ 10, 16. *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.). "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings

under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.' "  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28.

{¶ 8} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 9} " '[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing

entry, but it has no obligation to state reasons to support its findings.' " *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 11, quoting *Bonnell* at ¶ 37. Moreover, the trial court is not required "to recite any 'magic' or 'talismanic' words when imposing consecutive sentences." *State v. Horobin*, 2d Dist. Montgomery No. 26639, 2015-Ohio-5300, ¶ 7, quoting *State v. Graham*, 2d Dist. Montgomery No. 25934, 2014-Ohio-4250, ¶ 36. (Other citation omitted.) As stated by the Supreme Court, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 10} In this case, the trial court made the following consecutive-sentence findings at the sentencing hearing:

[C]onsecutive sentences are necessary to protect the public from future crime by the Defendant and others, punish the Defendant, and is not disproportionate to the seriousness of the Defendant's conduct. The Court further finds that this history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the Defendant.

Sentencing Trans. (Nov. 24, 2015), p. 14. Noticeably absent from the trial court's statement is that consecutive sentences are "not disproportionate * * * to the danger [Chaney] poses to the public." However, the sentencing entry did include that finding, as well as all the other required findings under R.C. 2929.14(C)(4).

{¶ 11} "[T]he trial court's failure to employ the phrase 'not disproportionate to the *

* * danger [appellant] poses to the public' does not mean that the trial court failed to engage in the appropriate analysis and failed to make the required finding." (Citations omitted.) *State v. Hargrove*, 10th Dist. Franklin No. 15AP-102, 2015-Ohio-3125, ¶ 21. *Accord State v. Thomas*, 8th Dist. Cuyahoga No. 102976, 2016-Ohio-1221, ¶ 16. In *State v. Polhamus*, 2d Dist. Miami No. 2013-CA-3, 2014-Ohio-145, this court addressed a situation where the trial court specifically failed to state that "consecutive sentences are not disproportionate * * * to the danger the offender poses to the public[,]" and we stated as follows:

Here the trial court stated "that consecutive sentences are necessary to protect the public from future crime, and that a consecutive sentence is not disproportionate to the seriousness of the Defendant's conduct * * *." This statement mirrors the language in R.C. 2929.14(C)(4). Admittedly, the court did not recite the next phrase in the statute, "and to the danger the offender poses to the public." But the court did state that "the defendant's history of criminal conduct shows that a consecutive sentence is necessary to protect the public from future crime by the defendant," mirroring the language in R.C. 2929.14(C)(4)(c). Moreover the court recognized that Polhamus had "a prior conviction in 2004 for Engaging in a Pattern of Corrupt activity that dealt with the theft of semis from that time." From the statements made in the context of this record, we conclude that the trial court found that consecutive sentences are not disproportionate to the danger Polhamus poses to the public.

Finding that consecutive sentences are necessary to protect the

public when it is apparent that the court has also considered the proportionality of the sentence to the conduct is virtually the same as finding that consecutive sentences are not disproportionate to the danger the offender poses to the public.

*Id.* at ¶ 28-29.

{¶ 12} The same issue was discussed more recently in both *Hargrove* and *Thomas*. In *Hargrove*, the Tenth District Court of Appeals held that "the trial court's finding that the prison sentence received by appellant for a prior similar conviction did not discourage appellant from engaging in the same conduct on his release, and the trial court's reference to the number and relative vulnerability of appellant's recent victims amounts to a finding that consecutive service was not disproportionate to the danger appellant poses to the public." *Hargrove* at ¶ 21. In *Thomas*, the Eighth District Court of Appeals held that it was sufficient that "the trial court remarked upon appellant's actions against the two young victims in the case as 'horrible' and 'unspeakable' " and "determined that no one term would be sufficient for the gravity of the case and that consecutive sentences were necessary to protect the public." *Thomas* at ¶ 16. The Eighth District also considered the fact that the sentencing entry specifically stated that "consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public[.]" *Id.*

{¶ 13} In this case, the trial court mirrored the language of R.C. 2929.14(C)(4) at the sentencing hearing by stating that "consecutive sentences are necessary to protect the public from future crime by the Defendant * * * and is not disproportionate to the seriousness of the Defendant's conduct[,]" and that Chaney's "history of criminal conduct

demonstrates that consecutive sentences are necessary to protect the public from future crimes by [Chaney]." The trial court also noted at the sentencing hearing that Chaney's victim was elderly with health problems and that Chaney's offense resulted in the victim suffering serious emotional and economic harm.

{¶ 14} Moreover, the trial court discussed Chaney's extensive criminal history in detail by reciting his prior offenses, which include, but are not limited to, multiple theft offenses, the most recent of which occurred just two years prior to the instant offense in 2013. In addition, the trial court discussed Chaney's punishments for his prior offenses and noted that he has failed to respond favorably to prior sanctions and showed no genuine remorse for the instant offense. The foregoing findings, combined with the trial court's sentencing entry, which specifically provides that "consecutive sentences are not disproportionate to * * * the danger [Chaney] poses to the public[,]" indicate that the trial court engaged in the proper analysis and made all the required findings under R.C. 2929.14(C)(4).

{¶ 15} Regardless, Chaney does not even dispute the fact that the trial court made the required consecutive-sentence findings. Rather, Chaney claims that it was error for the trial court not to explicitly cite to R.C. 2929.14(C)(4) when making its findings. Such a claim contradicts the well-established principle that the trial court is not required to recite any specific language when imposing consecutive sentences. Therefore, the fact that the trial court did not specifically state that the findings were being made under R.C. 2929.14(C)(4) is immaterial, as it is clear from the record that the trial court engaged in the correct analysis.

{¶ 16} Chaney also contends that the trial court's consecutive-sentence findings

are not supported by the record. We, however, do not find by clear and convincing evidence that the record does not support the sentence. At sentencing, the trial court discussed Chaney's extensive criminal history dating back over 30 years to 1982. The presentence investigation report reviewed by the trial court indicates that Chaney has consistently committed offenses over the past three decades that include, but are not limited to, three charges of assault, two charges of theft, and single charges of receiving stolen property, criminal mischief, attempt, menacing, and resisting arrest. After reviewing Chaney's lengthy criminal history and discussing the sanctions imposed, the trial court found that Chaney has not responded favorably to those sanctions.

{¶ 17} As previously noted, Chaney's most recent conviction was for theft in 2013. His jail sentence for that case was stayed to pay costs and restitution in the amount of $1,000, for which he currently owes $56. Chaney also had his jail sentence stayed for a 2011 assault conviction. In that case, he was ordered to pay a $750 fine and restitution in the amount of $1,364 by a certain date, which he failed to do. After failing to pay the restitution, Chaney did not report to jail and a capias was issued for his arrest. However, the capias was later recalled and Chaney was given a second chance to pay the restitution, which he still has not done, as he currently owes $1,006. Chaney also owes $183 in costs for his 2006 menacing conviction and $156 in costs for his 2006 resisting arrest conviction. Chaney also failed to pay the restitution in this case prior to sentencing as he had promised. While Chaney has made some payments towards the restitution, he still has an outstanding balance of $1,330.

{¶ 18} The record further indicates, and the trial court found, that the 78-year-old victim suffered serious emotional and economic harm as a result of Chaney's offense.

According to the victim, Chaney went to his home and offered to store and refurbish his Austin Healy and Lincoln Cosmopolitan. Both cars were of great sentimental value to the victim, particularly the Lincoln because it was the only tangible item the victim had that belonged to his son who died of brain cancer in 1997. Chaney, who claimed to have been best friends with the victim's son, admitted as part of the presentence investigation that he was aware that the Lincoln had belonged to the victim's son. However, instead of restoring the vehicles as promised, Chaney sold them. The Austin Healy was sold to an organization in California for $3,675, whereas the Lincoln Cosmopolitan was sold to a scrap yard for $200 and was cut up and scrapped for parts. Accordingly, the victim lost vehicles that had both monetary and sentimental value to him, and they can never be replaced. The trial court also found that Chaney showed no genuine remorse for his offense, which is reflected in the presentence investigation, as Chaney's version of events essentially blamed the victim for getting him into trouble.

{¶ 19} For the foregoing reasons, the trial court did not err in imposing consecutive sentences. The record indicates that the trial court made the required findings under R.C. 2929.14(C)(4) and we do not find by clear and convincing evidence that the record does not support the sentence. The record demonstrates that Chaney has consistently engaged in criminal conduct for over 30 years, has committed offenses of violence, as well as multiple thefts, has not responded favorably to previous sanctions, and shows no genuine remorse for the instant offense in which he preyed on an elderly victim and caused monetary and emotional harm. Accordingly, the trial court did not err in imposing consecutive sentences.

{¶ 20} Chaney's sole assignment of error is overruled and the judgment of the trial

court is affirmed.

. . . . . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Megan M. Farley
Cynthia A. Hale
Hon. Richard J. O'Neill