[Cite as *State v. Conwell*, 2020-Ohio-4573.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 19 COA 032 |
| APRIL S. CONWELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                             Pleas, Case No.  19 CRI 026


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 23, 2020


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHRISTOPHER R. TUNNELL                MATTHEW J. MALONE
PROSECUTING ATTORNEY                  10 East Main Street
COLE F. OBERLI                        Ashland, Ohio  44805
ASSISTANT PROSECUTOR
110 Cottage Street
Ashland, Ohio  44805

*Wise, J.*

{¶1}   Defendant-Appellant April S. Conwell appeals her conviction and sentence entered in the Ashland County Court of Common Pleas on one count of Robbery, following a plea of guilty.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On February 24, 2018, Appellant April Conwell was in a stolen car from Canton, Ohio, when she placed her three kids in the car and drove to Mansfield, Ohio. Once she was in Mansfield, there was a lady in a Walmart parking lot, and she stopped her and asked her for directions. When the woman came up to help her, based on that ruse, Appellant grabbed her purse and drove off, dragging the victim. For that, she is serving a four-year sentence in Richland County.

{¶3}   Law enforcement became involved in a pursuit with Appellant, which ended up in Ashland County where they lost sight of Appellant. Appellant then saw Linda Hershey, age 75, pull into the driveway of her home. Appellant pulled in, got out of the car and engaged Ms. Hershey in a conversation asking about a bathroom for her children. The children then got out of the stolen car and got into Ms. Hershey's car on their own and without prompting from Appellant. At that time, Ms. Hershey realized this did not appear to be an innocent chance meeting. It was then Appellant assaulted Ms. Hershey, hitting her in the face, knocking her to the ground, and stealing her car. (Sent. T. at 7-9).

{¶4}   On February 15, 2019, an Ashland County Grand Jury indicted Appellant on one count of Robbery, in violation of R.C. §2911.02(A)(2), a felony of the second degree; one count of Grand Theft of a Motor Vehicle, in violation of R.C. §2913.02(A)(1), a felony of the fourth degree; one count of Assault, in violation of R.C. §2903 .13(A), a

misdemeanor of the first degree; one count of Breaking and Entering, in violation of R.C. §2911.13(B), a felony of the fifth degree; one count of Theft from a Person in a Protected Class, in violation of R.C. §2913.02(A)(1), a felony of the fifth degree; and one count of Theft, in violation of R.C. §2913.02(A)(1), a felony of the fifth degree.

{¶5} On August 19, 2019, Appellant entered a guilty plea to Robbery, in violation of R.C. §2911.02(A)(2).

{¶6} On September 30, 2019, the trial court sentenced Appellant to serve four (4) years in prison. (Sent. T. at 12; Judgment Entry, October 1, 2019). The trial court further ordered Appellant's sentence to be served consecutively to the prison term she was currently serving in Richland County. *Id.*

{¶7} Appellant now appeals, raising the following sole error for review:

<u>ASSIGNMENTS OF ERROR</u>

{¶8} "I. TRIAL COURT FAILED TO MAKE THE FINDINGS NECESSARY TO IMPOSE CONSECUTIVE SENTENCES."

I.

{¶9} In her sole Assignment of Error, Appellant argues the trial court failed to make the necessary findings to support the imposition of consecutive sentences. We disagree.

{¶10} R.C. §2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1. Pursuant to R.C. §2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence

"(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. §2953.08(G)(2)(a)-(b).

{¶11} R.C. §2929.14(C)(4) concerns the imposition of consecutive sentences. In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. §2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. §2929.14(C) (4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis in order to impose consecutive sentences.

{¶12} R.C. §2929.14(C)(4) provides:

(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime

by the offender.

**{¶13}** Thus, in order for a trial court to impose consecutive sentences, the court

must find that consecutive sentences are necessary to protect the public from future crime

or to punish the offender. The court must also find that consecutive sentences are not

disproportionate to the offender's conduct and to the danger the offender poses to the

public. Finally, the court must make at least one of three additional findings, which include

that (a) the offender committed one or more of the offenses while awaiting trial or

sentencing, while under a sanction imposed under R.C. §2929.16, §2929.17, or

§2929.18, or while under post-release control for a prior offense; (b) at least two of the

multiple offenses were committed as part of one or more courses of conduct, and the

harm caused by two or more of the offenses was so great or unusual that no single prison

term for any of the offenses committed as part of any of the courses of conduct would

adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal

history demonstrates that consecutive sentences are necessary to protect the public from

future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-

Ohio-2058, ¶36.

**{¶14}** A trial court must make the findings required by R.C. 2929.14(C)(4) at the

sentencing hearing and incorporate its findings into its sentencing entry; however, the trial

court need not state specific reasons to support its finding. "[A] word-for-word recitation

of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, *supra*.

**{¶15}** In the case *sub judice*, Appellant concedes that the trial court "stated in open court that consecutive sentences were necessary to protect the public from future crimes and as punishment, and that her history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. The trial court further found that the two offenses were part of a single course of conduct." (Appellant's brief at 6). Appellant argues, however, that the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

**{¶16}** The trial court made the following findings at the sentencing hearing:

Ms. Conwell, when imposing sentence, the Court must comply with the purposes and principles of Ohio Sentencing Statutes, and the overriding purpose is to punish and rehabilitate the offender and protect the public from the future crimes and by using the minimum sanctions that the Court determines accomplish those purposes, without imposing an unnecessary burden on State or local government resources.

The Court must also consider the need for incapacitation, deterrence, and rehabilitation and restitution, and any sentence imposed should also be commensurate with and not demeaning to the seriousness of the offender's conduct, and its impact on any victim.

It should be consistent with sentencings for similar crimes by similar offenders, and the Court cannot sentence based on the offender's race, ethnicity, gender or religion.

In this case, you are prison eligible, even though this is a 5th Degree Felony, because you are currently serving a prison sentence.

In considering and weighing the various factors that the Court must consider and weigh, including all of the seriousness and recidivism factors, and the fact that a 75-year-old victim here has been significantly impacted, this is while it's a continuation of the prior conduct, it's not like you were operating a stolen vehicle in Richland County and just happened to drive it across into Ashland County, it's a separate incident, separate violence, and it justifies a separate distinct sentence.

It's going to be the sentence of the Court as to the Count One offense of Robbery, a violation of Section 2911.02(A)(2), a Felony of the Second Degree, that you serve four years in prison, and I am finding that consecutive service to that prison sentence with the Richland County's sentence in case 18-CR-189 is appropriate and necessary to protect the public from future crimes, and as punishment in this case, appropriate to the seriousness of the conduct in these two separate incidents between counties, and to the danger that you would pose to the public.

And I am finding that both your history of criminal conduct demonstrates that consecutive sentencings are necessary to protect the public from future crime, and that these two offenses between Ashland and

Richland County were part of one or a single course of conduct over time, that the harm caused by the two sentencings in combination was reflecting the seriousness of the conduct because of the way that you treated both of these people separately, and the way it has impacted those victims.

So I am ordering that this three year -- excuse me, four year consecutive sentence be served consecutive to Richland County. There is no credit for any prior time served. * * *

**{¶17}** (Sent. T. at 10-12).

**{¶18}** As set forth above, the trial court used the language that the imposition of consecutive sentences was "appropriate to the seriousness of the conduct in these separate incidents between counties, and to the danger that you would pose to the public" rather than "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

**{¶19}** Additionally, the sentencing entry stated that "[t]he Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender; and the Court finds that consecutive Sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Judgment Entry - Sentencing, October 1, 2019.

**{¶20}** Upon review, we find Appellant's argument that the trial court's failure to explicitly state this finding is without merit. While the trial court did not recite the precise language from R.C. §2929.14(C)(4) regarding the proportionality of consecutive sentences, stating that consecutive sentences were "appropriate" to the serious of the conduct instead of "not disproportionate", the trial court is not "required to give a

talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶21}** Here, it is clear from the trial court's statements that it considered the danger Appellant posed to the public when determining her sentence. Therefore, the record shows that the trial court engaged in the correct analysis when imposing consecutive sentences. *Bonnell* at ¶ 29.

**{¶22}** Notably, Appellant's argument has already been rejected by other Ohio courts. In holding the trial court did not need to explicitly state its disproportionality findings, the Second District Court of Appeals stated:

> If we require the trial court to say more than was said in this case, we are effectively requiring courts to follow precisely the language of the statute or, worse yet, simply to read the statutory language into the record to merely satisfy the statutory consecutive-sentences requirement. The focus should be on whether the trial court performed the required analysis and made appropriate conclusions, not on whether it can read the statute into the record. *State v. Polhamus*, 2d Dist. Miami No. 2013-CA-3, 2014-Ohio-145, ¶ 30. *See also State v. Hargrove*, 10th Dist. Franklin No. 15AP-102, 2015-Ohio-3125; *State v. Chaney*, 2d Dist. Clark No. 2015-CA-116, 2016-Ohio-5437.

**{¶23}** Based on the foregoing, we find the imposition of consecutive sentences in this case was not contrary to law. We further find the trial court engaged in the correct

analysis and the record contains evidence to support the trial court's findings under R.C. §2929.14(C)(4).

**{¶24}**  Appellant's Assignment of Error is overruled.

**{¶25}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/k 0922