[Cite as *State v. Johnson*, 2021-Ohio-2254.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                     Court of Appeals No. S-20-033

        Appellee                              Trial Court No. 19 CR 706

v.

Timothy E. Johnson                        **DECISION AND JUDGMENT**

        Appellant                             Decided:  June 30, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Timothy E. Johnson, appeals the judgment entered by the
Sandusky County Common Pleas Court on July 21, 2020, sentencing him to serve a
mandatory prison term of four years, to run consecutively with his sentence in Sandusky
County Common Pleas Court Case No. 18 CR 1228.  For the reasons that follow, we

affirm the judgment of the trial court, but remand the matter remand so the trial court can amend its sentencing entry via a nunc pro tunc order to include the trial court's consecutive sentence findings.

{¶ 2} Appellant sets forth the following sole assignment of error:

I.  The trial court erred by sentencing appellant to consecutive prison terms without making the necessary findings.

**Statement of the Case and Facts**

{¶ 3} Appellant was indicted on July 26, 2019, on one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the first degree; one count of corrupting another with drugs, in violation of R.C. 2925.02(A)(3), a felony of the second degree; one count of trafficking in heroin, in violation of R.C. 2925.03(A)(1)(C)(6)(a), a felony of the fifth degree; and one count of trafficking in a fentanyl related compound, in violation of R.C. 2925.03(A)(1)(C)(9)(a), a felony of the fifth degree.

{¶ 4} Appellant was indicted in connection with an incident that took place on November 26, 2017, where appellant sold the victim a fentanyl and heroin mixture that resulted in the victim's death.

{¶ 5} At a hearing held on February 12, 2020, appellant pleaded guilty to corrupting another with drugs, in violation of R.C. 2925.02(A)(3), a felony of the second degree.  The trial court accepted appellant's plea and referred the matter to adult probation for the completion of a presentence investigation.

2.

{¶ 6} Appellant's sentencing hearing took place on July 21, 2020. At that time, appellant was already serving 24 months in prison, in Sandusky County Common Pleas Court case No. 18-CR-1228, for a robbery that had occurred on or about November 12, 2018.

{¶ 7} Appellant waived his right to be personally present at the sentencing hearing, pursuant to Crim. R. 43. During the sentencing hearing, the court heard victim impact statements from several of the deceased victim's family members, including the victim's mother, two aunts, and a sister. Also during the hearing, attorney Kaitlin E. Klucas, on behalf of the state, highlighted appellant's high ORAS score; his criminal history as a juvenile and as an adult; his previous prison terms in 2015 and in 2019; the fact that this offense occurred in between two periods of incarceration; and the fact that appellant had sold the "extremely dangerous" mixture of fentanyl and heroin to someone he knew.

{¶ 8} The court then heard from appellant's counsel and from appellant, before sentencing appellant to serve a mandatory prison term of four years, to run consecutively with his sentence in Sandusky County Common Pleas Court case No. 18 CR 1228. The court further ordered that appellant would be subject to a period of mandatory post release control, for up to three years, and that appellant was to pay court costs.

**Analysis**

3.

**{¶ 9}** In his sole assignment of error, appellant argues that the trial court's order to serve his sentences consecutively is contrary to law, because the trial court failed to make the necessary findings under R.C. 2929.14(C)(4).

**{¶ 10}** Ohio law provides that the imposition of consecutive sentences may be vacated where an appellate court "clearly and convincingly" finds that (1) the record does not support the trial court's findings under R.C. 2929.14(C)(4) or (2) the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶1, 21-22 (holding that felony sentences are to be reviewed under the standard set forth in R.C. 2953.08(G)(2)). Where a trial court fails to make the findings required under R.C. 2929.14(C)(4), "the imposition of consecutive sentences is contrary to law." *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 24 (8th Dist.). R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} Thus, R.C. 2929.14(C)(4) requires that the trial court make three specific findings before imposing consecutive sentences, including: (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108, N.E.3d 1028, ¶ 252. "[T]he trial court must make the requisite findings both at the sentencing hearing and in the sentencing entry." *Id.* at ¶ 253. Although a "word-for-word recitation of the language of the statute is not required," a reviewing court must be able to discern that the trial court engaged in the correct analysis, and to determine that the record contains

5.

evidence to support the trial court's findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶ 12} In imposing appellant's sentence, the trial court relevantly stated the following:

> [T]he Court is cognizant of the overriding purposes of felony sentencing as set forth in the Revised Code 2929.11(A), and the Court is also cognizant of the principles of sentencing under 2929.11(B) and (C) and has considered those factors.
>
> The Court has also considered the factors set forth in Revised Code 2929.12(B) and the factors that would indicate that [appellant's] conduct is more serious than conduct normally constituting the offense.
>
> The Court will find that the victim of the offense did suffer such -- such serious physical harm that she is no longer alive; that [appellant's] relationship with the victim did facilitate the offense given that they knew each other quite well.
>
> In considering the factors that the Court should consider whether indicating that the Defendant's conduct is less serious than conduct normally constituting the offense, the Court will find that the victim did facilitate the offense to some degree, and, when I say that, this is no -- this case -- or these types of cases come before this Court quite -- quite frequently unfortunately, and the Court will find that the victims on these

circumstances are aware of the risk that can occur of overdosing and dying, so the Court will make that finding.

The Court also in considering the factors under Subsection D indicating that [appellant's] conduct is likely -- indicating that [appellant] is likely to commit future crimes will find that [appellant] has previously been adjudicated a delinquent child and has a history of criminal convictions; that [appellant] has not been rehabilitated to a satisfactory degree after being adjudicated a delinquent child and not responded favorably to the sanctions previously imposed for his criminal convictions; that [appellant] has demonstrated a pattern of drug abuse that is related to this offense and has basically failed to acknowledge he has that problem and has continued to use and sell drugs up until the point of his incarceration, and in considering the factors under Subsection E, indicating that [appellant] is not likely to commit future crimes, the Court will find that the Defendant has shown genuine remorse for what has occurred here.

Also, the Court will note that [appellant] did have an ORAS score of 34, which indicates a very high likelihood of re-offending in the future; therefore, the Court is going to impose under Count 2 of the indictment, the corrupting another with drugs, a second degree felony, a four year mandatory prison sentence.

＊ ＊ ＊

As stated, the prison term is mandatory. It will not be run concurrent with any time previously -- or currently being served on unrelated charges, so, in essence, it will be consecutive to the sentence he is currently serving.

{¶ 13} As shown in the record, the only mention the trial court makes about the sentence being consecutive is at the end of its consideration of statutory factors set forth at R.C. 2929.11(A), (B), and (C), and R.C. 2929.12(B), (D), and (E). At no point does the court expressly mention R.C. 2929.14(C)(4). Nevertheless, "[t]he trend appears to be that appellate courts 'have been fairly deferential to the trial court when reviewing the transcript of a sentencing hearing to determine whether the trial court has made the findings required by R.C. 2929.14(C)(4) * * *.'" *State v. Elmore*, 2016-Ohio-890, 60 N.E.3d 794, ¶ 48 (7th Dist.), quoting *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 19. Further, the law is clear that a trial court need not state reasons to support its findings nor is it required to use "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *State v. Jones*, 7th Dist. Mahoning No. 13 MA 101, 2014-Ohio-2248, ¶ 6.

{¶ 14} In determining whether the trial court made the requisite findings under R.C. 2929.14(C)(4), we are guided, in part, by the analyses set forth in *Bonnell* and in *Elmore*.

{¶ 15} In *Bonnell*, the trial court imposed consecutive sentences on the basis of the following statements made by the trial court at the sentencing hearing:

8.

The court: Going through all of the sentencing factors, I can not [sic] overlook the fact your record is atrocious. The courts have given you opportunities.

The defendant: Yes.

The court: On the PSI pages 4 through 16, it's pretty clear that at this point in time you've shown very little respect for society and the rules of society. The court feels that a sentence is appropriate.

*Bonnell* at ¶ 9.

{¶ 16} Upon review of these statements, the Supreme Court of Ohio in *Bonnell* determined that the trial court made two of the three findings required by R.C. 2929.14(C)(4), but failed to make a proportionality finding:

In this case, the trial court had obviously reviewed the presentence-investigation report and knew of Bonnell's criminal record, because it described his record as atrocious and stated that he had shown very little respect for society. But the court did not completely adhere to R.C. 2929.14(C)(4).

We can discern from the trial court's statement that Bonnell had 'shown very little respect for society and the rules of society' that it found a need to protect the public from future crime or to punish Bonnell. We also can conclude that the court found that Bonnell's 'atrocious' record related to a history of criminal conduct that demonstrated the need for consecutive

sentences to protect the public from future crime. But it never addressed the proportionality of consecutive sentences to the seriousness of Bonnell's conduct and the danger he posed to the public, which in this case involved an aggregate sentence of eight years and five months in prison for taking $117 in change from vending machines.

Thus, the court's description of Bonnell's criminal record as atrocious and its notation of his lack of respect for society do not permit us to conclude that the trial court had made the mandated statutory findings in accordance with R.C. 2929.14(C)(4).

*Bonnell* at ¶ 32-34. Unlike the trial court in the instant case, the sentencing court in *Bonnell* never used the term "consecutive sentence," nor did it engage in any analysis or weighing process.

{¶ 17} The Seventh District Court of Appeals in *Elmore*, conducting a similar analysis, reached a similar result. The relevant facts in that case, as recited by the court in *Elmore*, are as follows:

During the sentencing hearing, the trial court thoroughly considered sentencing factors contained in R.C. 2929.11 and .12. The trial court found that the crime was made worse by the fact that the intent was to shoot the victims in the back, and was more serious because it took place in a residential neighborhood, around juveniles, and was part of an organized criminal activity. The trial court also found that Elmore lacked remorse,

and even worse, that he considered himself a victim. The trial court also noted that 'it bothers me and it's a serious sentencing factor' that Elmore was on post-release control at the time, having been released from prison only six months before the shooting. The trial court also found it troublesome that Elmore left a loaded weapon where anyone, including a child, could have found it, and that he immediately went to look for another gun, despite having a weapons disability. The court noted that Elmore's criminal record was repeated and long and included drugs but to Elmore's favor there was no history of violence. In sum, the trial court stated, 'when I pile all this up it does appear to me as though the recidivism factors are as bad as they can get and the nature of the offense, the only thing you have going for you is that you missed -- well your buddy missed and you missed too. So, by accident you didn't kill anybody but that's really all you have going for you.'

   \* \* \* The trial court went on to impose consecutive sentences [without ever mentioning the words "consecutive sentences].

*Elmore* at ¶53-54.

{¶ 18} On these facts, the court in *Elmore* concluded that observations by the trial court that the offender's criminal record was "repeated and long" and that the crime for which the offender was being sentenced "took place in a residential neighborhood, around juveniles, and was part of an organized criminal activity" were sufficient to

satisfy the findings requirements set forth in R.C. 2929.14(C)(4) and R.C. 2929.14(C)(4)(c), involving the necessity to protect the public from future crime by the offender. *Id.* at ¶55.

{¶ 19} Like the court in *Bonnell*, however, the appellate court in *Elmore* was ultimately unable to discern from the record, "under even the most generous reading," the necessary finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger he posed to the public. *Elmore* at ¶58; see also R.C. 2929.14(C)(4). As stated by the court in *Elmore*:

> Inherent in the proportionality finding is that a trial court engage in a weighing process, comparing or balancing these two factors, which it stands in the best position to do. An appellate court on review could scour the record for findings which satisfy this requirement, but if the record fails to demonstrate that the trial court actually weighed these factors, then reversal is required.

*Elmore* at ¶ 58. Again, unlike the trial court in the instant case, the sentencing court in *Elmore* never used the term "consecutive sentence," and, further, never performed the requisite proportionality analysis.

{¶ 20} Regarding the proportionality analysis, in particular, we note that although the trial court in the current case did not expressly use any form of the word "proportionate," where a trial court's statements on the record clearly indicate that it considered proportionality with regard to the seriousness of appellant's conduct and to

12.

the danger presented, the requirements of R.C. 2929.14(C)(4) are, in fact, satisfied. *See, e.g., State v. Chaney*, 2d Dist. Montgomery No. 2015-CA-116, 2016-Ohio-5437, ¶ 11, quoting *State v. Hargrove*, 10th Dist. Franklin No. 15AP-102, 2015-Ohio-3125 (" '[T]he trial court's failure to employ the phrase "not disproportionate to the * * * danger [appellant] poses to the public" does not mean the trial court failed to engage in the appropriate analysis and failed to make the required finding.' ").

{¶ 21} In *State v. Amey*, 8th Dist. Cuyahoga Nos. 103000 and 103001, 2016-Ohio-1121, the court concluded that the following statements by the trial court on the record "clearly" indicated that the trial court considered proportionality with regard to the seriousness of the appellant's conduct and the danger presented:

> The [trial] court remarked that Amey was on probation for a domestic violence conviction * * *. The court noted that he had been referred to domestic violence classes but did not attend them. The court also outlined Amey's extensive record that included crimes of violence and offenses committed while Amey was on community control sanctions. The court remarked that he had not 'responded favorably to sanctions previously imposed.'

*Id.* at ¶ 16.

{¶ 22} Applying the foregoing law to the facts of the instant case, we conclude that observations by the trial court that appellant "has previously been adjudicated a delinquent child and has a history of criminal convictions," that appellant "has not been

13.

rehabilitated to a satisfactory degree after being adjudicated a delinquent and [has] not responded favorably to the sanctions previously imposed for his criminal convictions," that appellant "has continued to use and sell drugs up until the point of his incarceration," that appellant had an ORAS score of 34, "which indicates a very high likelihood of re-offending in the future," and that a woman lost her life as the result of appellant's actions are sufficient to satisfy the requirements set forth in R.C. 2929.14(C)(4) and R.C. 2929.14(C)(4)(c). That is, we can conclude from the trial court's language that the trial court found that appellant's extensive record related to a history of criminal conduct that demonstrated all of the following: (1) a need to protect the public from future crime or to punish appellant, (2) a need for consecutive sentences to protect the public from future crime, (3) that consecutive sentences would not be disproportionate to the seriousness of appellant's conduct, and (4) that consecutive sentences would not be disproportionate to the danger appellant poses to the public. *See* R.C. 2929.14(C)(4); R.C. 2929.14(C)(4)(c).

{¶ 23} Accordingly, because there is not clear and convincing evidence that appellant's consecutive sentences are unsupported by the record or that they are otherwise contrary to law, appellant' assignment of error is found not well-taken. *See* R.C. 2953.08(G)(2).

{¶ 24} We note, however, that the trial court failed to make the required findings in its sentencing entry. Nevertheless, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical

14.

mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell* at ¶ 30.

{¶ 25} Because the trial court did make the appropriate statutory findings under R.C. 2929.14(C)(4) at the sentencing hearing, but failed to include those findings in its sentencing entry, the trial court may satisfy *Bonnell* by amending its sentencing entry via a nunc pro tunc order that includes the omitted findings under R.C. 2929.14(C)(4). *See State v. Cole*, 3d Dist. Logan No. 8-18-26, 2018-Ohio-4646, ¶ 23, citing *State v. Mayberry,* 2d Dist. Montgomery No. 26025, 2014-Ohio-4706, ¶ 34.

{¶ 26} We affirm the sentence of the trial court and remand so the trial court can amend its sentencing entry via a nunc pro tunc order to include the trial court's consecutive sentence findings.

{¶ 27} Appellee is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.
                                              JUDGE

Thomas J. Osowik, J.

_____

Gene A. Zmuda, P.J.
                                              JUDGE
CONCUR.

_____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.