[Cite as *State v. Nelson*, 2022-Ohio-4308.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICTW
WOOD COUNTY

State of Ohio                                             Court of Appeals No.  WD-21-083

     Appellee                                         Trial Court No.  2021CR0309

v.

Bryan K. Nelson                                      **DECISION AND JUDGMENT**

     Appellant                                        Decided:  December 2, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Scott T. Coon, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common

Pleas which, following entry of guilty pleas, found appellant, Bryan Nelson, guilty of

Count 2, Gross Sexual Imposition, a violation of R.C. 2907.05(A)(1)(C)(1), a felony of

the fourth degree and to Counts 3 and 4, violations of R.C. 2907.05(A)(4)(C)(2), Gross

Sexual Imposition, each felonies of the third degree.  In exchange for these guilty pleas, the remaining counts of the indictment, Counts 1 and 5 were dismissed.

{¶ 2} Appellant was sentenced to a term of imprisonment of 18 months on Count 2; to a term of imprisonment of 12 months on Count 3; and to a term of imprisonment of 48 months on Count 4.  The trial court also ordered these sentences to be served consecutively to each other for an aggregate sentence of six and one-half years imprisonment in the Ohio Department of Rehabilitation and Corrections.

{¶ 3} Appellant presents a single Assignment of Error for our review:

The Trial Court erred in ordering the sentences to be served consecutively in as much as the record does not support the findings required by Ohio Revised Code Section 2929.14(C)(4).

{¶ 4} We review challenges to felony sentencing under R.C. 2953.08(G)(2), which provides that, the court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶ 5} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the

2.

following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.

{¶ 6} In this case, Nelson specifically challenges the trial court's imposition of consecutive sentences. Nelson claims that the record does not support the findings required by statute to impose consecutive sentences.

{¶ 7} The imposition of consecutive sentences is governed by R.C. 2929.14( C) (4) (a).

{¶ 8} That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

3.

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Thus, R.C. 2929.14(C)(4) requires that the trial court make three specific findings before imposing consecutive sentences, including that: (1) consecutive sentences are necessary to protect the public or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108, N.E.3d 1028, ¶ 252. The trial court must make the requisite findings both at the sentencing hearing and in the sentencing entry. *Id.* at ¶ 253.

{¶ 10} Although a word-for-word recitation of the language of the statute is not required, a reviewing court must be able to discern that the trial court engaged in the

4.

correct analysis, and to determine that the record contains evidence to support the trial court's findings. *State v. Johnson*, 6th Dist. Sandusky No. S-20-033, 2021-Ohio-2254, ¶ 11-12, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶ 11} In Nelson's case, the trial court relevantly stated the following at sentencing: "I did conduct an analysis as to whether a consecutive - - an order of consecutive sentences is appropriate and I do believe that it is in your case."

{¶ 12} The court further stated:

I believe that a consecutive sentence is necessary to protect the public and to punish the offender. I believe that consecutive sentences are not disproportionate to the seriousness of your conduct or the - - and including the fact that I do believe that there is a serious risk of danger to the public. And that you committed multiple offenses as part of the course or conduct of these charges. And that the harm was so great and unusual that no single term adequately reflects that seriousness.

{¶ 13} It is obvious from the record that the trial court did engage in an analysis required pursuant to 2929.14(C)(4)(a) before imposing consecutive sentences. The court specifically considered whether consecutive sentences are necessary to protect the public or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public.

5.

{¶ 14} The court further went on to consider the appellant's conduct with respect to the criminal offenses for which Nelson was convicted. Specifically, the court noted the extent of the injuries that Nelson inflicted upon the minor victims, each of whom were his own daughters.

{¶ 15} Thereafter, the court needed to find only one of the 2929.14(C)(4)(a) through (c) factors.

{¶ 16} In this case, the trial court specifically referenced the factors under 2929.14 (C)(4)(b):

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 17} Appellant argues that the record in his case is lacking any evidence regarding the level of psychological harm suffered by the victims, the appellant's own daughters. He claims that the harm inflicted upon his own minor children was "not any greater or more unusual than the psychological harm inherently suffered by all victims of these serious offenses."

{¶ 18} However, the record in this case, including the Pre-Sentence Investigation establishes that Nelson was engaged in the molestation of his three minor daughters since

6.

they were in elementary school and that this abuse continued for years. One child ran away from home to avoid further abuse. It was this act that ultimately resulted in the authorities being summoned and investigations being conducted. Indictments followed.

{¶ 19} Thus, the record supports the court's findings that the imposition of consecutive sentences are necessary to protect the public or to punish the offender, are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public.

{¶ 20} The record further supports that the harm caused by two or more of the multiple offenses committed by Nelson was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 21} Furthermore, the judgment entry states the findings that were made at sentencing hearing.

{¶ 22} We therefore find appellant's sole assignment of error to be without merit.

**Conclusion**

{¶ 23} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                       JUDGE

Thomas J. Osowik, J.

Myron C. Duhart, P.J.        _____
CONCUR.                                   JUDGE

_____
                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.