[Cite as *State v. Layson*, 2023-Ohio-105.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


State of Ohio                                        Court of Appeals No.  WD-22-007
                                                                          WD-22-008
              Appellee
                                                     Trial Court No.  2021CR0202
                                                                      2021CR0422
v.

Ricky A. Layson                                      **DECISION AND JUDGMENT**

              Appellant                              Decided:  January 13, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Ricky A. Layson, appeals the January 13, 2022 judgment of the
Wood County Court of Common Pleas sentencing him to consecutive terms of
imprisonment on two cases.  These cases were consolidated in this appeal.

{¶ 2} In case No. 2021CR0202, appellant was found guilty of Theft, in violation of R.C. 2913.02(A)(l) and 2913.02(8)(2), a felony of the fifth degree.

{¶ 3} However, the judgment entry of sentencing in this case indicates that Layson was sentenced for an offense of *Attempted* Theft, in violation of R.C. 2913.02(A)(l) and 2913.02(8)(2), a felony of the fifth degree.

{¶ 4} The record establishes that on November 16, 2022 (with a judgment entry journalized on November 21, 2022) Layson entered a guilty plea to Theft, Count One of the indictment, in R.C. 2913.02(A) (l) and 2913.02(8) (2), a felony of the fifth degree. There was no amendment or reduction of the charge in this case. The sentencing entry erroneously references the conviction as an *Attempted* offense.

{¶ 5} In that case, appellant was sentenced to serve a prison sentence of twelve (12) months in the Ohio Department of Rehabilitation and Corrections. This sentence was to be served consecutively to the sentence imposed in case No. 2021CR0422.

{¶ 6} In case No. 2021CR0422, the record establishes that Layson pled guilty to Count One of the indictment, Theft, in violation of R.C. 2913.02(A)(l) and 2913.02(8)(2), a felony of the fifth degree.

{¶ 7} Identically to case No. 2021CR0202, the record establishes that on November 16, 2022 (with a judgment entry journalized on November 21, 2022)

2.

Layson entered a guilty plea to Theft, Count One of the indictment, in R.C. 2913.02(A)(l) and 2913.02(8)(2), a felony of the fifth degree.

{¶ 8} Again, in its sentencing judgment entry, the trial court repeated the error made in case No. 2021CR0202. The judgment entry of sentencing indicates that Layson was being sentenced on an *Attempted* Theft charge when the court imposed a prison sentence of twelve (12) months in the Ohio Department of Rehabilitation and Corrections, to be served consecutively to the sentence imposed in case No. 2021CR0202. The sentencing entry in this case also erroneously references the conviction as an *Attempted* offense.

{¶ 9} Layson presents to this court a single assignment of error for our review as follows:

THE RECORD DOES NOT CLEARLY AND

CONVINCINGLY SUPPORT THE TRIAL COURT'S FINDINGS

FOR THE IMPOSITION OF CONSECUTIVE SENTENCES.

{¶ 10} Appellant argues that the sentencing judgment entry makes additional findings that were not made by the trial court at the sentencing hearing. More specifically, that the court made a finding that Layson was under a community control sanction at the time that these offenses were committed.

{¶ 11} It is undisputed that the court made the following statements at sentencing:

3.

I believe that these are multiple offenses and so that a consecutive sentence is necessary to protect the public from future crimes and to punish you. The consecutive sentences are not disproportionate to the seriousness of your conduct or the danger that you pose to the public. And in particular this is because your criminal history and conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

{¶ 12} The trial court also pointed out the appellant's criminal history that included 47 convictions not including these cases for Theft, Attempted Theft, Receiving Stolen Property, Robbery, or other theft-related offenses.

### Standard of Review

{¶ 13} The standard of review for the imposition of consecutive sentences is governed by the clearly and convincingly standard set forth in R.C. 2953.08(G)(2). *See State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16.

{¶ 14} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section

4.

2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law. *State v. Nelson*, 6th Dist. Wood No. WD-21-083, 2022-Ohio-4308, ¶ 4-5.

## Statutory Findings

{¶ 15} The imposition of consecutive sentences is governed by R.C. 2929.14(C)(4). That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates

that consecutive sentences are necessary to protect the public from future

crime by the offender.

{¶ 16} Thus, R.C. 2929.14(C)(4) requires that the trial court make three specific findings before imposing consecutive sentences, including that: (1) consecutive sentences are necessary to protect the public or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) finding that one of the subsection (a) (b) or (c) statutory factors of R.C. 2929.14(C) (4) applies.

{¶ 17} The Supreme Court of Ohio has held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Otherwise, the imposition of consecutive sentences is contrary to law. *See id.*

{¶ 18} Although a word-for-word recitation of the language of the statute is not required, a reviewing court must be able to discern that the trial court engaged in the correct analysis, and to determine that the record contains evidence to support the trial

6.

court's findings. *State v. Johnson*, 6th Dist. Sandusky No. S-20-033, 2021-Ohio-2254, ¶ 11-12, citing *Bonnell* at ¶ 29.

### Analysis

{¶ 19} In Layson's case, the trial court relevantly stated at the sentencing hearing that the imposition of consecutive sentences were necessary to protect the public from future crimes and to punish appellant. The trial court also stated that consecutive sentences are not disproportionate to the seriousness of the conduct or the danger that appellant poses to the public. The court also found that Layson's extensive criminal history supported the imposition of consecutive sentences to protect the public.

{¶ 20} The record establishes that Layson has an extensive criminal history as the trial court noted at the sentencing hearing. At sentencing, appellant was 68 years old and had accumulated a criminal history that included 47 convictions involving predominantly theft-related offenses for Theft, Attempted Theft, Receiving Stolen Property, Robbery, or other theft-related offenses.

{¶ 21} The record also establishes that the indictment in case No. 2021CR0202 charges appellant with a theft that occurred on December 17, 2020. Appellant was arrested on April 12, 2021, posted bond, and was released on that date. The indictment in case No. 2021CR0422 alleges a theft that occurred on May 2, 2021.

{¶ 22} Thus, it is undisputed that the record supports a finding under R.C. 2929.14(C) (4)(a) that Layson committed one or more of the multiple offenses while he

7.

was awaiting trial. However, at the sentencing hearing, the trial court failed to indicate this finding as a justification for the imposition of consecutive sentences. Both sentencing entries make reference to appellant being under a community control sanction at the time the offenses were committed.

{¶ 23} Nevertheless, in both cases, the sentencing judgment entries explicitly include the necessary statutory findings made under R.C. 2929.14(C) (4) that the imposition of consecutive sentences were necessary to protect the public from future crimes and to punish appellant. Further, that consecutive sentences are not disproportionate to the seriousness of the conduct or the danger that appellant poses to the public. The sentencing judgment entries also find one of the necessary statutory findings under R.C. 2929.14(C) (4) (c) by referencing Layson's extensive criminal history.

{¶ 24} Thus, we cannot find that the imposition of consecutive sentences is clearly and convincingly contrary to law when the trial court makes the necessary findings and the record supports those findings required under R.C. 2929.14(C)(4) and incorporated those findings into the judgment entries of sentencing.

{¶ 25} However, since the sentencing judgment entries do not reflect the findings made at sentencing, we are compelled to remand this case back to the trial court to *nunc pro tunc* its judgment entries to delete the references to community control sanctions

8.

being in place at the time of sentencing. In this manner, the sentencing judgment entries will be in compliance with the *Bonnell* holding.

## Conclusion

{¶ 26} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed but these cases are remanded back to the trial court to effectuate n*unc pro tunc* judgment entries in each case as follows:

{¶ 27} In case No. 2021CR0202 the sentencing judgment entry concerning the imposition of sentence should reflect that appellant was convicted of Theft, not *Attempted* Theft and further, to delete the finding not made at sentencing that *"Further, defendant's crimes were committed while under community control sanctions."*

{¶ 28} In case No. 2021CR0422 the sentencing judgment entry concerning the imposition entry should reflect that appellant was convicted of Theft, not *Attempted* Theft and further, to delete the finding not made at sentencing that *"Further, Defendant's crimes were committed while under community control sanctions."*

{¶ 29} The judgment of the Wood County Court of Common Pleas is affirmed but remanded to the trial court to effectuate the *nunc pro tunc* orders in each case as directed herein. The costs of this appeal are to be split between the parties pursuant to App.R. 24.

Judgment affirmed
and remanded.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.